United States Bankruptcy Court
Northern District of Indiana

In re   Bruce Alan Vallance
        Sheryl Rose Vallance                                                    Case No.
                                                    Debtor(s)                   Chapter    13

## CHAPTER 13 PLAN

1.  <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$640.72** per month for **60** months.

    Total of plan payments: **$38,443.20**

2.  <u>Plan Length</u>: This plan is estimated to be for **60** months.

3.  Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a.  Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

    b.  Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

    c.  All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4.  From the payments received under the plan, the trustee shall make disbursements as follows:

    a.  Administrative Expenses
        (1) Trustee's Fee:    **6.00%**
        (2) Attorney's Fee (unpaid portion):   **$2,500.00 to be paid through plan in monthly payments**
        (3) Filing Fee (unpaid portion):   **NONE**

    b.  Priority Claims under 11 U.S.C. § 507

        | Name | Amount of Claim | Interest Rate (If specified) |
        |---|---|---|
        | **Indiana Department of Revenue** | **574.00** | **0.00%** |

    c.  Secured Claims
        (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

        | Name | Proposed Amount of Allowed Secured Claim | Monthly Payment (If fixed) | Interest Rate (If specified) |
        |---|---|---|---|
        | **Chase Bank** | **10,998.00** | **223.00** | **8.00%** |

        (2) Secured Debts Which Will Extend Beyond the Length of the Plan

        | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
        |---|---|---|---|
        | **-NONE-** | | | |

    d.  Unsecured Claims
        (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

        | Name | Amount of Claim | Interest Rate (If specified) |
        |---|---|---|
        | **-NONE-** | | |

        (2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

    Creditor                                   Amount of Default to be Cured    Interest Rate (If specified)
    **-NONE-**

6.  The Debtor shall make regular payments directly to the following creditors:

    Name                   Amount of Claim         Monthly Payment         Interest Rate (If specified)
    **-NONE-**

7.  The employer on whom the Court will be requested to order payment withheld from earnings is:
    **Spouse's Employer: Castle Point Apartment**
    **$296.00 to be deducted Bi-weekly and remitted to the Trustee.**

8.  The following executory contracts of the debtor are rejected:

    Other Party                               Description of Contract or Lease
    **-NONE-**

9.  Property to Be Surrendered to Secured Creditor

    Name                   Amount of Claim         Description of Property
    **-NONE-**

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    Name                   Amount of Claim         Description of Property
    **-NONE-**

11. Title to the Debtor's property shall remain vested in the estate until dismissal or discharge.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

    A.  Debtors shall turn over to the Chapter 13 Trustee copies of their state and federal tax returns each year for the duration of the Plan.

    B.  The Trustee's fee pursuant to paragraph 4 a (1) shall be paid as set by 28 U.S.C.§ 586 (e).

    C.  Pursuant to 11 U.S.C. § 1328 (f), Debtors are not entitled to a discharge in this Chapter 13 case.

    D.  All allowed general, nonpriority, unsecured creditors shall be paid 100%.

# United States Bankruptcy Court
## Northern District of Indiana

In re **Bruce Alan Vallance / Sheryl Rose Vallance**  
Debtor(s)

Case No. _____  
Chapter __13__

## CHAPTER 13 PLAN
(Signature Page)

Date  6/11/08               Signature  *Bruce Alan Vallance*  
**Bruce Alan Vallance**  
Debtor

Date  6/11/08               Signature  *Sheryl Rose Vallance*  
**Sheryl Rose Vallance**  
Joint Debtor